The opinion of the Court was delivered by
Mr. Justice Nott.
The principle heretofore established by the x x j decisions of this Court is, that where a person , -iii-j ii t i purchases land by metes and bounds represented to contain a certain number of acres, “ more or less,’’’’ he is entitled to recover all the lands within the prescribed limits, whatever the number of acres may be. It must be apparent, from the words “ more or less,” that the metes and bounds are to govern, and not the number of acres. That question was settled in the case of Vaughan and Mitchell, determined in this CourtI think about the year 1803. In that case, about 50 acres of the land were taken off by an older grant, still the defendant had nearly double the number of acres that his deed called for; yet the Court held that he was entitled to all the land embraced. within the lines of the plat referred to, and *101 allowed a deduction from his bond for the defieiency.
Where the metes and bounds are represented by visible marked lines, they cannot be extended, although a natn* ral or artificial boundary may be called for beyond them.
on's 2d. The plaintiff’s deed calls for Knight< land as a boundary.' He must have intended, therefore, to represent it as lying without his lines, and not within the heart of his land. For by no construction can a tract of land be said to be bounded by lands actually énclosed within it. It is true,’ one corner of the plaintiff’s survey does extend to the outer line of Knighton's tract; but it is a mere mathematical point; the latter is completely circumscribed by the former. It is another established rule of law, that where the metes and bounds of a tract of land are represented by visible marked lines, they cannot be extended beyond those lines, although a natural or artificial boundary may be called for beyond them. And by a reference to plaintiff’s original grant, or to the re-survey exhibited at the time the deed was executed, it will appear that the lines and corners, on the side towards Knighton's land, are distinctly marked.
3d. It follows, then, that the defendantis entitled to hold all the land included in the plat referred to in the deed, according to the metes and bounds there set out. The correctness of this conclusion is more apparent from the plat itself, where Knighton's land is represented on another part of the land, and as being actually without the lines; So that the land now called Knighton's, cannot be the land called for in the deed. And a deed is *102 always to betaken most strongly against the person who makes it.
I am of opinion the defendant was entitled to a deduction for the value of the land contained in Knighton's grant, and therefore a new trial must be granted.
Gvirnke, Colcock, and Johnson, J. concurred.
Cheves, J. dissented.